ABLES AND OTHERS v. MILLER.

Where the deposition of a witness who resides out of the county is taken, and the
witness afterwards removes into the county where the suit is pending, and re-
sides there at the time of the trial, the deposition may nevertheless be given in
evidence. But in this case, there was no affidavit that the witness was absent
from the county at the time of the trial.

Appeal from Cherokee. Suit by appellee against appellants
on an attachment bond, for wrongfully suing out the attach-
ment. The evidence was that when the attachment was ob-
tained, the present plaintiff was preparing to leave the State,
by settling up his business ; that he publicly declared his de-
termination to leave, but not until he should have settled up
his business and paid his debts ; and that he refused to pay
the debt about the time the attachment was issued ; and that
he did remove to Tennessee. The Court instructed the jury
that if the plaintiff was about to remove out of the State, they
must find for defendants ; and that to find for plaintiff, they
must not only find that he was not about to remove from the
State, but that if the plaintiff gave out that he was about to
remove to the State of Tennessee, and by his acts induced the
defendant Ables to sue out the attachment, he could not re-
cover, verdict and judgment for plaintiff. Motion for new
trial overruled.

*Shanks, Bonner & Bonner*, for appellants. I. In no in-
stance can the deposition of a witness be taken and be read as
evidence, where he resides within the county where the suit
is pending, except where the witness, by reason of age, sick-
ness or official duty, shall be unable to attend the Court.
(Hart. Dig. Art. 725.) The fact that the attorney of appellee
made affidavit that the witness was absent from the county at

the time of the trial, did not cure the defect. The statute under which this was done, (Sec. 74 of Laws of 1846, p. 382) had been repealed. And besides, the affidavit was made by the attorney of the party, and not by the party himself, as required by statute. (Givens v. Taylor, Hart & Co., 6 Tex. R. 315.)

II. The verdict was contrary to the law and the evidence. The general rule as to not disturbing verdicts is acknowledged. But it is submitted that there was such a preponderance of evidence on behalf of the defendants, in this case, as to require a new trial, that justice might be done.

*Donley & Anderson*, for appellee. It is not contended by appellants, but that the deposition was properly taken, and was clearly within the statute at the time of taking ; but they say it is a void by the subsequent change of his domicil to Cherokee county. But we submit that if it was properly taken at first and the affidavit of absence is made, it is good. (Hart. Dig. Art. 725, 817.)

II. The main question was a question of fact for the jury. They have found for the plaintiff, and we are certain the evidence does not show the verdict to be clearly wrong. (Briscoe v. Bronaugh, 1 Tex. R. 326 ; Perry v. Robinson, adm'r, 2 Tex. R. 490 ; Legg v. McNeal, 2 Tex. R. 428 ; Duggen v. Cole, 2 Tex. R. 381 ; Green v. Hill, 4 Tex. R. 465 ; 4 Tex. R. 89 ; 5 Tex. R. 93, 440, 492 ; 7. Tex R. 3, 556, 561, 584.)

LIPSCOMB, J. The first and main objection, relied on by the appellants, to the judgment of the Court below, is to the ruling of the Court, in admitting, as evidence, the deposition of a witness, taken properly, on the ground of his not being a resident citizen of the county where the suit was instituted and tried, but who had, before the trial, moved into that county. It was admitted on the ground, supported by the affidavit of the plaintiff's counsel, that the plaintiff was absent

from the State, and that the witness, when deposition was offered, was absent from the county. There is no objection to the deposition being properly taken; and the only objection is to its admissibility· The witness having become a citizen of the county where the suit was tried, we believe the objection is not available. If legally taken, it was admissible. It would be unreasonable to require a party to keep his eye on the witness, after his testimony had been taken, and to make it his duty to put the witness under subpœna, should he move into the county. It is not a case of testimony taken *de bene esse*, under the statute, of an infirm witness or one about to leave the country.

The appellants further object, that the affidavit of the counsel was not sufficient, that it ought to have been made by the party himself; and we are referred to the case of Givens v. Taylor, Hart & Co., 6 Tex. 315. That was altogether a different question. In that case it was decided that under the statute, (Art. 50, Hart. Dig.) the affidavit to put in issue and controvert the answer of a gonishee must be made by the party himself, and not by his counsel.

We see no ground of error in the charge of the Judge to the jury, that appellants can complain of. If the Judge erred at all, it was in the appellants' favor. The Court did not err in overruling the motion for a new trial, and the judgment is affirmed.

Judgment affirmed.