## WM. ALLBRIGHT V. W. F. CORLEY ET AL.

(Case No. 577.)

1. PRACTICE.— When the court adjudges the cost of a motion to retax costs against the party who files it, and who on his motion for re-hearing did not except to the action of the court adjudging the cost of the motion against him, it is too late to raise the question on error in the supreme court.

2. WITNESS FEES — COSTS.— A citizen of the county in which a suit was pending was subpœnaed as a witness in a cause; before trial he removed from the county, and his deposition was taken. He then removed back to the county, and attended court from term to term until trial of the cause, claiming his fees for attendance as a witness. *Held*, that his fees for attendance as a witness were properly allowed.

ERROR from Houston. Tried below before the Hon. R. S. Walker.

*D. A. Nunn*, for appellant.

*Earle Adams*, for appellee.

QUINAN, COMMISSIONER.— This is a writ of error prosecuted by Allbright from a judgment of the district court of Houston, taxing the costs in the case of Allbright *v.* Corley.

1. The points made are, that it was error to tax against Allbright the costs of a motion to tax the costs in the case, when in that motion he had succeeded in cutting down the bill of costs in a large amount.

2. That it was error to tax fees for the witness Corley, who had been duly summoned, but afterwards left the county. His deposition was then taken; he returned to the county, attended court as a witness, and his fees were allowed.

As to the first point, no objection of that sort was made in the court below. Upon motion of Allbright, an auditor was appointed to tax the costs. The auditor re-

ported November 10, 1874; on the 11th Allbright made a supplemental motion to tax the costs. On the 18th February, 1875, he again moved to retax the costs. To that motion the defendant Corley excepted, stating that the costs had, upon plaintiff's former motion, been retaxed, and the matter was *res adjudicata*. On the 17th of April, the court overruled the motion to retax the costs, all the costs having been paid except the witness Corley's (and clerk's, not in dispute), and adjudged the costs of this motion against the plaintiff.

The plaintiff made a motion for a rehearing, which was overruled. In this motion he takes no exception to the ruling of the court taxing the costs of the motion to tax against him.

We think it is too late to raise a question upon that point now, and for the first time on error to this court. Besides, his motion to retax being overruled, the costs were properly adjudged with it.

3. We are further of opinion that the witness Corley's fees were properly allowed.

He was regularly summoned as a witness. His removal temporarily from the county did not discharge the subpœna. Upon his return he was still bound to attend and might be fined for non-attendance. It was not for him to say that the taking his depositions excused his personal presence. Pasch. Dig., arts. 3719, 3720, 3733. The case of Ables *v.* Miller, 12 Tex., 109, referred to, is unlike the present. There was no question as to witness fees or the effect of a subpœna in that case. The deposition of the witness, a non-resident, had been taken regularly. Afterwards the witness, who had never been summoned, took up his residence in the county, and it was insisted that his deposition could not be used without affidavit of his absence. The court admitted the deposition. Here the witness was regularly summoned and in attendance. The court, he being present in court, might well

have rejected his deposition. It is but a substitute for his oral examination on the trial. The fact that it was taken only shows the importance attached to his testimony. He could not by his temporary removal from the county make his deposition better evidence than his testimony on the stand upon his return, nor put it upon the plaintiff to summon him if he desired his attendance.

In our opinion the judgment should be affirmed.

AFFIRMED. ,

[Opinion delivered March 11, 1881.]